UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN FORSHEY,

                                        Plaintiff,

  vs.                                                                        9:17-CV-575
                                                                             (LEK/ATB)

CHRISTOPHER MILLER, et al.

                                        Defendants.
_____

STEVEN FORSHEY, Plaintiff pro se
LAUREN R. EVERSLEY, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).  In this civil rights complaint, plaintiff alleges that his constitutional rights were violated while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow").  (Dkt. No. 1, "Compl.").

      Presently before the court is defendants' November 29, 2019 motion to dismiss plaintiff's complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), based on plaintiff's failure to update his contact information or communicate with the court or the parties for a period of several months.  (Dkt. No. 114).  Based on that motion, and plaintiff's subsequent failure to respond to the motion to dismiss, to seek an adjournment, or to comply with this court's directive to confirm his contact information and to advise whether he was prepared to proceed with the prosecution of this case, the court recommends that this action be dismissed.

**I.     Relevant Background**

Plaintiff commenced this civil rights action in May 2017, while an inmate at Wyoming Correctional Facility ("Wyoming"). (Compl. at 1). On August 18, 2017, Judge Kahn granted plaintiff's motion for in forma pauperis ("IFP") status, and conducted an initial screening of the complaint. (Dkt. No. 11). As a result, Judge Kahn allowed certain of plaintiff's Eighth Amendment medical indifference claims to proceed, and dismissed the remainder of plaintiff's claims. (*Id.*).

In October 2017, plaintiff filed a motion requesting an extension of time to serve the remaining defendants, as well as a motion for preliminary injunction, based on the allegation that his efforts to litigate the instant action were being interfered with by staff at Five Points Correctional Facility ("Five Points").[1] While these motions were pending, plaintiff filed two additional motions – to amend his complaint and to appoint counsel – in December 2017. (Dkt. Nos. 45, 46).

On January 2, 2018, Judge Kahn denied plaintiff's motion for a preliminary injunction. (Dkt. No. 55). On February 6, 2018, I denied plaintiff's motion to amend his complaint. (Dkt. No. 66). Plaintiff was in contact with the court throughout February and March 2018, requesting various other forms of relief. (Dkt. Nos. 69, 71, 74). In February 2018, while denying plaintiff's motion for "an indefinite, blanket extension of multiple deadlines," the court observed that plaintiff's difficulty in meeting the court's deadlines "is largely attributable to his continual filing of motions and requests in this action which are often voluminous, without merit, not in the proper

---

[1] After filing his complaint, plaintiff was transferred to Southport Correctional Facility ("Southport") in July 2017, and then to Five Points in August 2017. Plaintiff provided written notice to the court of each change in address. (Dkt. Nos. 9, 14).

2

form, redundant, and/or otherwise unproductive." (Dkt. No. 72).[2]

On March 21, 2018, defendants filed a partial motion to dismiss plaintiff's complaint for failure to state a claim. (Dkt. No. 76). Plaintiff sought and was granted numerous extensions of time to respond to the motion to dismiss. (Dkt. Nos. 80, 81, 83, 84, 85, 86, 87, 88). Plaintiff finally filed a response in opposition on August 31, 2018. (Dkt. No. 90). He also filed a supplement to his response on September 26th, notwithstanding the fact that I denied his prior request for additional time to "complete" his response. (Dkt. Nos. 91, 92). On November 7, 2018, I recommended that defendants' partial motion to dismiss be granted without prejudice, with leave to amend. (Dkt. No. 94). Judge Kahn adopted my report-recommendation on February 20, 2019. (Dkt. No. 100).

Plaintiff filed another motion to appoint counsel, which Judge Kahn denied on March 4, 2019. (Dkt. No. 102). On May 13, 2019, plaintiff provided written notice of his change of address to Elmira Correctional Facility ("Elmira"). (Dkt. No. 107). Plaintiff wrote the court in July and August 2019, requesting extensions of the pretrial deadlines. (Dkt. Nos. 109, 111). On August 15, 2019, I granted plaintiff's request for an extension via text order, a copy of which was mailed to plaintiff. (Dkt. No. 112). On August 23, 2019, the court received correspondence from Elmira advising that plaintiff was temporarily absent from the facility. (Dkt. No. 113).

On November 29, 2019, defendants filed the instant motion to dismiss for lack of prosecution, based on plaintiff's failure to update the court with his current address or to otherwise communicate with the parties and the court since August 2019. (Dkt. No.

---

[2] On March 12, 2018, plaintiff provided written notice to the court of his change of address to Shawangunk Correctional Facility. (Dkt. No. 74).

3

114). On January 27, 2020, while the motion was still pending, plaintiff provided notice of his address change and represented that he had been released from state custody. (Dkt. No. 115). At that time, the court scheduled a telephone conference with the parties in mid-February 2020; however the conference was cancelled, upon notice from a family member that plaintiff had been re-incarcerated and could not be reached at his address of record. (Dkt. No. 118). This was confirmed by plaintiff in writing on March 5, 2020, when he finally provided updated contact information. (Dkt. No. 119). The court granted plaintiff's application to reschedule a telephone conference to address, inter alia, an extension of time to respond to defendants' pending motion to dismiss. (Dkt. No. 121). That conference could not proceed until May 14, 2020, because plaintiff was transferred to another facility and then was again released from custody. (Dkt. No. 125, 127).

During the May 14th conference, the defendants advised that they wished to proceed with the pending motion to dismiss, and plaintiff's deadline to respond to the motion was set at June 29, 2020. Plaintiff did not file a response to the motion by the deadline set by the court, nor did he request an adjournment. Nonetheless, the court granted plaintiff one sua sponte extension, to August 17, 2020, to respond to the motion, and directed that he confirm his current contact information and advise the court whether he was prepared to proceed with litigating this action or was abandoning his case, and whether he was willing and able to promptly submit to a defense deposition. (Dkt. No. 130). The court's July 31, 2020 text order stated: "PLAINTIFF IS WARNED THAT HIS FAILURE TO TIMELY MAKE THE REQUIRED SUBMISSION OR TO OTHERWISE FAIL TO COMPLY WITH THE DIRECTION OF THE COURT MAY RESULT IN DISMISSAL OF HIS ACTION." (*Id*.). The plaintiff has not

4

communicated with the parties or the court since that May 14th conference, and the Clerk has not received any notification from the Post Office that the July 31st text order mailed to plaintiff's address of record was not received.

## II.     Motion to Dismiss - Failure to Prosecute

### A.     Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Reid v. Russell,* No. 9:18-CV-44 (BKS/DJS), 2020 WL 1250427, at *1 (N.D.N.Y. Feb. 12, 2020), report recommendation adopted, 2020 WL 1245405 (N.D.N.Y. Mar. 16, 2020) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. "The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Allen v. Moreland*, No. 6:16-CV-6539, 2018 WL 3637467, at *1 (W.D.N.Y. July 30, 2018) (emphasis added) (quoting *Dumpson v. Goard*, No. OO-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004)). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that in evaluating a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), a district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the

>  court order,
>
>  (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
>  (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
>  (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
>  (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber,* 777 Fed. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  Dismissal is a harsh remedy to be utilized only in "extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

### B.     Application

Defendants argue that plaintiff's action should be dismissed under Fed. R. Civ. P. 41(b), due to plaintiff's failure to notify the court or defense counsel of his change in address. (Defendant's Brief ("Def.'s Br.") at 3-7).  Defendants filed the instant motion on November 29, 2019, more than three months after plaintiff wrote to this court requesting an extension of pretrial deadlines due to his upcoming release date, and expressing his uncertainty as to where he would be transferred and/or released. (Dkt. No. 111).  Plaintiff did not confirm his release from custody or provide updated contact information until January 27, 2020. (Dkt. No. 115).  Plaintiff sporadically provided updates to the court thereafter, and has also appeared for the May 14th telephone conference.

Had plaintiff complied with my directives given during the May 14th conference and thereafter, I would likely not be recommending dismissal of plaintiff's action. However, despite one sua sponte extension of the deadline to respond to the defense motion to dismiss, the plaintiff still has not responded to the motion (filed in November 2019), nor has he sought an extension, provided the additional information that the court directed him to provide, or otherwise communicated with the court or the parties for the past three months. Given the absence of any evidence that the court's July 31, 2020 text order did not reach plaintiff, the court can only conclude that the plaintiff has either abandoned his action, now that he has been released from custody, or is willfully ignoring the directives of this court. In either case, dismissal of plaintiff's action is the appropriate remedy.

For more than a year after filing, plaintiff has vigorously prosecuted this action, to an arguably abusive degree. Prior to his first release from custody, plaintiff provided written notice of his change of address when he was transferred to different DOCCS facilities. (Dkt. Nos. 9, 14, 74, 107). After he was released from custody in September 2019, plaintiff did not timely update his contact information. By itself, plaintiff's five-month delay in communicating his updated address upon his release from DOCCS custody might not much weigh in favor of dismissal. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). The court, however, must take into account plaintiff's subsequent disappearance from this action and his apparent disregard of his obligation to timely prosecute it.

It is well-documented that plaintiff was repeatedly advised of the requirement to promptly notify the court and all parties, in writing, of any change in address, or risk the dismissal of his action. (Dkt. Nos. 11, 110, 112, 130). Plaintiff's understanding of this

7

responsibility is reflected by his prior updates to the court. (Dkt. Nos. 9, 14, 74, 107). This factor weighs in favor of dismissal, again, particularly in light of plaintiff's most recent failure to comply with the directive of the court.

In light of plaintiff's prior, time-wasting litigation tactics and numerous requests to extend essentially every deadline, the delay caused by his post-release neglect of his duties as a litigant have caused substantial prejudice to the defendants. This case was filed more than three years ago, and the defendants should have been able to depose plaintiff, complete discovery, and pursue summary judgment motions long ago. *See Schwed v. Gen. Elec. Co.,* 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

The fourth factor requires the Court to consider the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard. For almost the past year, the plaintiff has rarely been heard from, and when he has surfaced, it has been only to seek more time to meet his obligations as a litigant. During this time, plaintiff has not, however, made any significant progress in actually prosecuting this action, or meeting his litigation-related obligations to the court or the defendants.

Turning to the fifth factor for consideration, given plaintiff's disappearance from this action since the May 14th conference, it appears no lesser sanction than dismissal would be adequate. If plaintiff had, since the May conference, responded to the pending motion to dismiss and agreed to a prompt deposition, the court would not be recommending dismissal. But with no word from the plaintiff since May, there is no indication that this case can be placed back on track for the indefinite future.

On balance, the factors here warrant the harsh remedy of dismissal. As noted, the plaintiff has either abandoned the litigation or is willfully ignoring the court's explicit directives. There appears to be no path for this action to proceed to resolution on the merits now that communication with plaintiff has completely stopped.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss for failure to prosecute (Dkt. No. 114) be **GRANTED**, and that plaintiff's complaint be dismissed, with prejudice, unless plaintiff files a written objection to this Report-Recommendation within the prescribed time period demonstrating, to the satisfaction of Senior District Judge Kahn, good cause for his prior failures to follow the various directives of this court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 26, 2020

Andrew T. Baxter
U.S. Magistrate Judge