UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────

STEVEN FORSHEY,

                **Plaintiff,**

   -against-                                         9:17-CV-0575 (LEK/ATB)

**DAVID THOMPSON,** *et al.***,**

                Defendants.
────────────────────────────────

## DECISION AND ORDER

### I.    INTRODUCTION

    This is a civil rights suit brought by pro se plaintiff Steven Forshey against defendants Dr. David Thompson, Nurse Mary Harris, and various John Does under 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). On August 26, 2020, the Honorable Andrew T. Baxter, U.S. Magistrate Judge, recommended that Defendants' motion to dismiss for failure to prosecute be granted. See Dkt. No. 131 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### II.    BACKGROUND

    Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–5. For convenience, the Court summarizes them here.

    Plaintiff challenges wrongdoing that occurred while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F."). Compl. at 9. Plaintiff arrived at Great Meadow C.F. on June 14, 2014, and in February or March of 2015, Plaintiff's prescription eye glasses were broken, without which he was "nearly legally blind." Id. at 20–21. Plaintiff had to wait almost a year to see an eye specialist to receive new glasses. Id. In addition, Plaintiff also

suffered from a left foot injury and from extensive back pain, and despite his complaints he received inadequate care for both conditions. Id. at 19–21, 26, 28, 30. Plaintiff brought Eighth Amendment medical indifference claims against Defendants and this Court allowed certain claims to proceed. Dkt. No. 11.

On May 13, 2019, Plaintiff provided written notice of his change of address to Elmira Correctional Facility ("Elmira"). Dkt. No. 107. On August 23, 2019, the Court received correspondence from Elmira advising that Plaintiff was temporarily absent from the facility. Dkt. No. 113. On November 29, 2019, Defendants filed the instant motion to dismiss for lack of prosecution, based on Plaintiff's failure to update the Court with his current address or to communicate with the parties since August 2019. Dkt. No. 114 ("Motion"). On January 27, 2020, Plaintiff provided notice of his address change and represented that he had been released from state custody. Dkt. No. 115. The Court scheduled a telephone conference with the parties in mid-February 2020. Dkt. No. 116. This conference was cancelled upon notice that Plaintiff had been re-incarcerated and had a different address. Dkt. No. 118. On March 5, 2020, Plaintiff was transferred to another facility and he updated his corresponding contact information. Dkt. Nos. 119, 125. On April 27, 2020, Plaintiff again updated his contact information because he was released from custody. Dkt. No. 127. The Court held a telephone conference on May 14, 2020. Dkt. No. 128.

During this conference, Defendants advised that they wished to proceed with their pending motion to dismiss and Plaintiff's deadline to respond to the motion was set to June 29, 2020. R. & R. at 4. Plaintiff did not file a response by this date; however, the Court granted Plaintiff one sua sponte extension to respond, setting a new deadline of August 17, 2020, and

2

Plaintiff was directed to confirm his current contact information and advise the Court on whether he wished to proceed with litigating his action. Dkt. No. 130. The Court's July 31, 2020 text order stated:

> PLAINTIFF IS WARNED THAT HIS FAILURE TO TIMELY MAKE THE REQUIRED SUBMISSION OR TO OTHERWISE FAIL TO COMPLY WITH THE DIRECTION OF THE COURT MAY RESULT IN DISMISSAL OF HIS ACTION.

Id. (emphasis in original). Plaintiff has not communicated with the parties or the Court since the May 14 conference, and the Clerk did not receive any notification from the Post Office that the July 31, 2020 text order mailed to Plaintiff's address was not received. R. & R. at 4–5.

Now before the Court is a Report-Recommendation filed by the Honorable Andrew T. Baxter, recommending to grant Defendants' motion to dismiss for failure to prosecute. Id. at 9. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### III.   STANDARD OF REVIEW

#### A.   The Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07

(N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Alternatively, in the event that Defendants' Motion is moot because Plaintiff notified the Court of his change in address, Dkt. No. 115, after the Motion was filed in November 2019, the Court will exercise its sua sponte power and dismiss the action based on Plaintiff's failure to prosecute the action. See Montford v. Walsh, No. 19-CV-1607, 2020 WL 4284135, at *2 (N.D.N.Y. July 27, 2020) (sua sponte dismissing an action for failure to prosecute).

A district court contemplating dismissing a plaintiff's case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure must consider: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) the court's interest in managing its docket balanced with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. R. & R at 5–6 (citing Jefferson v. Webber, 777 Fed. App'x 11, 14 (2d Cir. 2019)). The Court has the discretion to dismiss for

4

failure to prosecute sua sponte, as well as upon an opposing party's motion. See Montford, 2020 WL 4284135, at *2 ("Courts in this District have relied upon Rule 41(b) . . . to dismiss an action sua sponte based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court.") (internal quotation marks omitted).

Although Plaintiff sporadically provided updates to the Court and appeared for a May 14 telephone conference, he missed his initial deadline to respond to Defendants' Motion, Dkt. No. 114, did not communicate with the Court or Defendants following his May 14 conference, and failed to communicate with the Court about whether he wished to proceed in litigating this action following its July 31 text order, Dkt. No. 130. Given the absence of any evidence that the Court's July 31 text order did not reach Plaintiff and his pattern of dilatory conduct, see R. & R. at 2–5, the Court adopts Magistrate Judge Baxter's recommendation and dismisses this action for Plaintiff's failure to prosecute. See e.g., Maria Georgina C.T. v. Commissioner of Social Security, No. 19-CV-467, 2020 WL 3251186, at *1 (N.D.N.Y. June 16, 2020) (dismissing for failure to prosecute where the plaintiff failed to respond to a motion for over six months despite deadline extensions and an express warning from the court that her failure to respond could result in the dismissal of her case). Should Plaintiff wish to reopen this case at a later date he may submit a motion to reopen.

### V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 131) is **APPROVED and ADOPTED** in its entirety and the motion to Dismiss (Dkt. No. 114) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the clerk shall **TERMINATE** defendants Thompson, Harris, and the various John Does from the docket; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**[1]


DATED:   November 06, 2020
         Albany, New

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] Due to the delays and disruptions caused by the COVID-19 pandemic, some cases/motions were not disposed of prior to the end of the reporting period.